```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

LORENZO CARRUEGA, on behalf of himself and others similarly situated,

      Plaintiff,

v.                                    Case No: 2:16-cv-421-FtM-99CM

MP 3 CONSTRUCTION SERVICES, LLC, a Florida limited liability company and JOSE MENDOZA, individually,

      Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendants' Motion for Sanctions Under Fed. R. Civ. Pro. 11 (Doc. #20) filed on July 29, 2016. Plaintiff filed an Opposition (Doc. #24) on August 12, 2016. The motion will be denied without prejudice.

After much correspondence back and forth and notice of the motion provided to counsel for plaintiff on June 26, 2016, defendants seek to sanction plaintiff and plaintiff's counsel pursuant to Federal Rule of Civil Procedure 11. Defendants argue that a settlement demand was unfounded because plaintiff signed a contract to work on behalf of defendant as a subcontractor and therefore he was not an employee, and because the demand on behalf of the individual plaintiff was based on work done by an entire crew of workers employed by the subcontractor, and because it was unclear how that same amount could relate to a claim of unpaid

wages for plaintiff only.  Defendants assert that by signing and filing the complaint while being fully aware of the false nature of the allegations, plaintiff became subject to sanctions.  Under Rule 11,

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  The Eleventh Circuit "has held that three types of conduct warrant the imposition of Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3)

when the party files a pleading in bad faith for an improper purpose."  Pelletier v. Zweifel, 921 F.2d 1465, 1514 (11th Cir. 1991) (citations omitted).

In response, plaintiff states that the filing of an answer by defendants is an admission that plaintiff has stated a cause of action, and is therefore inconsistent with the request for sanctions.  Plaintiff further argues that insufficient notice was provided under the safe harbor provisions of Rule 11(c)(2) because defendants do not identify the challenged document, although plaintiff admits it was "directed to Plaintiff's Complaint", and because plaintiff filed an Amended Complaint within 21 days after service of the notice.  Lastly, plaintiff argues that the Amended Complaint states a claim under the Fair Labor Standards Act(FLSA) because the paystubs attached to the Amended Complaint show that plaintiff was an hourly employee of defendants, *as well* a subcontractor.

Plaintiff's first argument is rejected.  Defendants' Answer and Affirmative Defenses to Amended Complaint (Doc. #21) references the motion for sanctions under the heading of "Jurisdiction", and states that plaintiff was the employee of Carrugea Carpentry Service, LLC, which was acting as a subcontractor to MP 3, and defendants also assert a scheme to force payment as referenced in the motion for sanctions and several other affirmative defenses that contradict finding that defendants concede a valid cause of action.  (Doc. #21, p. 1, ¶ 1; p. 4 ¶ 1.)

The Court however agrees that it is unclear what pleading or other paper presented to the Court warrants sanctions. The Amended Complaint (Doc. #16), on its face, seeks to recover unpaid overtime wages, minimum wages, an equal amount of liquidated damages, declaratory relief, and attorney's fees and costs for violations of the FLSA. Plaintiff asserts that he was an employee and attached pay stubs for plaintiff as an employee of defendant MP3 Construction Services.

As nothing presented to the Court supports imposition of sanctions, the motion will be denied. The denial will be without prejudice to filing a renewed motion if it becomes clear that the allegation that plaintiff was an employee had no reasonable basis in law or fact, and that plaintiff knew the Amended Complaint was unsupported.

Accordingly, it is hereby

**ORDERED:**

Defendants' Motion for Sanctions Under Fed. R. Civ. Pro. 11 (Doc. #20) is **DENIED without prejudice.**

**DONE and ORDERED** at Fort Myers, Florida, this   1st   day of September, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record